IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMARIO SHAWN BARNES, #275286, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 2:13-CV-887-TMH |
| ) | [WO] |
| ) | |
| SGT. DOMINIC WHITLEY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Demario Shawn Barnes ["Barnes"], an indigent inmate currently incarcerated at the Bullock Correctional Facility ["Bullock"]. In the amended complaint, Barnes alleges that Sgt. Dominic Whitley, an officer at Bullock, denied him access to medical treatment for injuries suffered in a physical altercation on November 5, 2013. *Amended Complaint - Doc. No. 5* at 1 (After the altercation at issue, "[Barnes] constantly complained about [his] injuries to Whitley but he would not call medical or permit me to seek medical attention...").[1]

---

[1] Barnes filed the amended complaint in response to the court's determination that the claims presented in the first two complaints, claims which challenged the force used against him during the altercation on November 5, 2013 and the loss of good time credits resulting from a disciplinary lodged against him as a result of this altercation, provided no basis for relief under 42 U.S.C. § 1983 as habeas corpus is the sole remedy for such claims. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (State prisoner's "claim for declaratory relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed [in a disciplinary proceeding, including a loss of good-time credits], is not cognizable under § 1983" unless the prisoner

The defendant filed an answer, special report and supporting evidentiary materials addressing Barnes' claim for relief. The court thereafter informed Barnes that the defendant's special report may, at any time, be treated as a motion for summary judgment and provided a detailed explanation to Barnes regarding the proper manner in which to respond to a motion for summary judgment. *Order of March 12, 2014 - Doc. No. 19*. Despite his opportunity to do so, Barnes filed no response to the defendant's report.

Pursuant to the aforementioned order, the court deems it appropriate to treat the defendant's report as a motion for summary judgment. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of this motion and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendant's motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to

---

demonstrates that the disciplinary action has previously been invalidated.); *Muhammad v. Close*, 540 U.S. 749, 754 (2004) (Where action taken in prison disciplinary proceedings impacts the fact or duration of an inmate's confinement, the holding of *Heck* is applicable if the claim on which the inmate seeks relief would necessarily imply the invalidity of the disciplinary determination.); *Davis v. Hodges*, 481 F. App'x 553, 554 (11th Cir. 2012) ("*Heck* . . . applies [in cases which directly or indirectly involve] prison disciplinary determinations if a prisoner's § 1983 claim would necessarily affect the fact or duration of his confinement."); *Richards v. Dickens*, 411 F. App'x 276, 278-79 (11th Cir. 2011) (Where excessive force claim and prison disciplinary actions related to such force are contradictory, "[a]bsent expungement or invalidation of those disciplinary actions, [the prisoner's] claims are barred by *Heck*." Any argument by the prisoner plaintiff "that *Heck* is inapplicable because he is not seeking to expunge his disciplinary actions misses the mark. . . . [T]he relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead whether the § 1983 claims call into question the validity of the deprivation of those credits. Because [the prisoner's] § 1983 excessive force [claim] . . . necessarily impl[ies] the invalidity of the disciplinary actions that deprived him of good-time credits, he cannot pursue [this claim] under § 1983."). So as to avoid the bar established by *Heck* and its progeny, Barnes specifically states that the amended complaint pertains "to Whitley['s] denial of medical treatment to plaintiff and does not challenge disciplinary proceedings or loss of good time or anything else other than being denied medical treatment." *Amended Compliant - Doc. No. 5* at 1.

interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendant has met his evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

3

appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive the defendant's properly supported motion for summary judgment, Barnes is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50. "A mere 'scintilla' of evidence supporting the opposing

party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children and Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Assoc., Inc.*, 276

F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th[th] Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Barnes fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.

### III.  DISCUSSION

### A.  Absolute Immunity

To the extent the amended complaint can be construed to seek monetary damages from the defendant in his official capacity, he is entitled to absolute immunity from this relief. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's

immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendant is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## B.  Deliberate Indifference

Barnes complains that Whitley denied him access to medical treatment for various injuries he suffered during a physical altercation with Whitley on November 5, 2013.[3] The defendant adamantly denies he acted with deliberate indifference to Barnes' medical needs. In support of this assertion, Whitley maintains and the medical records compiled contemporaneously with the treatment provided to Barnes establish that approximately ten

---

[3]As previously stated, Barnes does not challenge the use of force and only challenges his access to medical treatment for his injuries. The altercation occurred while officers conducted a routine strip search of Barnes during which Barnes attempted to prevent the officers from finding a cell phone concealed in the pocket of his boxer shorts. Due to his behavior during the search, Barnes was placed in segregation pending disciplinary action.

minutes after the altercation Barnes was transported to the health care unit for examination. *Exhibit B to the Defendant's Special Report - Doc. No. 18-2* at 1-2; *Exhibit D to the Defendant's Special Report - Doc. No. 18-4* at 3. Whitley further asserts that after this initial examination Barnes retained the ability to seek medical treatment by submitting the appropriate request form to medical personnel, speaking with any of the nurses during their daily rounds in the segregation unit, requesting treatment from members of the Segregation Review Board during their weekly visit to the segregation unit and/or contacting a warden. *Exhibit B to the Defendant's Special Report - Doc. No. 18-2* at 2.

The undisputed medical records submitted by the defendant further demonstrate that Barnes submitted a sick call request on November 13, 2013 complaining of chest pain associated with the November 5, 2013 altercation. *Exhibit D to the Defendant's Special Report - Doc. No. 18-4* at 5. The on-duty nurse reviewed the sick call request and directed correctional officers to bring Barnes to the health care unit for evaluation of his complaint. *Id*. Pursuant to the nurse's directive, Barnes was escorted to the health care unit and the nurse examined Barnes. *Id*. at 6. Only two days later, on November 15, 2013, Barnes was again examined by health care personnel regarding a complaint that his "breast bone [sometimes] hurts when . . . moving around . . . ." *Id*. at 8. After conducting an evaluation of Barnes, the attending nurse ordered a chest X-ray and prescribed Tylenol in an effort to alleviate the pain about which Barnes complained. *Id*. Barnes received the prescribed chest X-ray on November 18, 2013, the results of which established no abnormalities. *Id*.

at 9 ("The heart is normal in size and configuration. The mediastinum [i.e., area between the lungs,] is normal without adenopathy. The lung fields are clear without mass, infiltrate, congestion, or effusion. Bony structures are unremarkable without acute fracture or destructive lesions.").

A correctional official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.' *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994). A plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).

In *Farmer*, the Court identified both objective and subjective elements necessary to establish an Eighth Amendment violation premised upon deliberate indifference. With respect to the requisite objective elements, an inmate must first show "an objectively substantial risk of serious harm . . . exist[ed]. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d 1028-29. As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference . . . .  The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' . . . ***[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment***."  *Farmer*, 511 U.S. at 837-38 (emphasis added); *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same).  The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety . . . .  It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

      To prevail on a claim alleging a denial of access to medical treatment, an inmate must, at a minimum, show that the defendant acted with deliberate indifference to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986).  Specifically, correctional personnel may not subject an inmate to "acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir. 1989). When seeking relief based on deliberate indifference, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor*, 221 F.3d at 1258; *McElligott*, 182 F.3d at 1255 (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner). Thus, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991). . . . Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial

12

>risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). Thus, in order to survive summary judgment on his deliberate indifference claim against the defendant, Barnes is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-38 (To evade entry of summary judgment on a properly supported motion, plaintiff must produce sufficient evidence demonstrating (1) an objectively substantial risk of serious harm; (2) subjective awareness of this risk on the part of the defendant; (3) the defendant responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendant caused his injuries); *Marsh*, 268 F.3d at 1028-29 (same).

The undisputed medical records demonstrate that Barnes had access to and received medical treatment for the injuries suffered on November 5, 2013. Moreover, Barnes has failed to present any evidence which indicates the defendant knew that the manner in which Barnes received access to medical treatment created a substantial risk to his health and that with this knowledge consciously disregarded such risk. The record is therefore

13

devoid of evidence, significantly probative or otherwise, showing that the defendant acted with deliberate indifference to Barnes' medical needs. Consequently, summary judgment is due to be granted in favor of the defendant.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendant.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 21, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 7th day of May, 2014.

                                                /s/ Wallace Capel, Jr.
                                                WALLACE CAPEL, JR.
                                                UNITED STATES MAGISTRATE JUDGE